**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

......................................................................... x
Shaymaa Aribou; Nestor Alvarado; Armando      :  Civil Action No.
Herrera; and Erika Herrera, *on behalf of*        :
*themselves and all others similarly situated*,    :
                                   :
         Plaintiffs,            :  **<u>FLSA COLLECTIVE ACTION</u>**
 - against -                      :  **<u>and RULE 23 CLASS ACTION</u>**
                                   :  **<u>COMPLAINT</u>**
Farid Suleiman; Mohammad Suleiman; Ali       :
Suleiman; Cell Nation of 77 Inc.; Cell Nation of  :
Austin, Inc.; Cell Nation of Jamaica Inc.; Cell   :  **<u>Jury Trial Demanded</u>**
Nation of Fulton Corp.; Flatbush Cell Inc.; and  :
John Does #1 – 30,                    :
                                   :
         Defendants.          :
......................................................................... x

      Plaintiffs Shaymaa Aribou; Nestor Alvarado; Armando Herrera; and Erika Herrera

(collectively, the "Plaintiffs"), on behalf of themselves and other similarly situated employees, as

class representatives, by and through their attorney, bring this complaint against Farid Suleiman;

Mohammad Suleiman; Ali Suleiman; Cell Nation of 77 Inc.; Cell Nation of Austin, Inc.; Cell

Nation of Jamaica Inc.; Cell Nation of Fulton Corp.; Flatbush Cell Inc.; and John Does #1-30,

(collectively, the "Defendants"), and allege upon personal knowledge as to themselves and upon

information and belief as to other matters, as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter, the

"FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law

(hereinafter, the "NYLL"), and the New York Codes, Rules, and Regulations, Part

142 (hereinafter, the "Regulations") to recover unpaid overtime compensation,

illegal deductions from wages, unpaid commissions, unpaid minimum wage, unpaid

spread of hours compensation, and for other relief.

2.      This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a

state-law class action under Fed. R. Civ. P. 23(b)(3).

3.     Jurisdiction over Plaintiffs' FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

4.     The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

5.     In addition to seeking recovery for the Plaintiffs, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated employees.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district..

## PARTIES

8.     Plaintiffs Shaymaa Aribou; Nestor Alvarado; Armando Herrera; and Erika Herrera and all other similarly situated employees, were jointly employed by Defendants as retail clerks at Metro PCS retail stores.

9.     Plaintiff Shaymaa Aribou is a resident of Brooklyn, New York.

10.     Plaintiff Nestor Alvarado is a resident of New Jersey.

- 20 -

11.     Plaintiff Erika Herrera is a resident of New Jersey.

12.     Plaintiff Armando Herrera is a resident of Brooklyn, New York.

13.     Cell Nation of 77 Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York with a New York State Department of State Service of Process Address listed as C/O HOWARD L. STEIN, CPA, P.C., 50 BRUNSWICK WOODS DRIVE, EAST BRUNSWICK, NEW JERSEY, 08816.  Cell Nation of 77 Inc., *inter alia*, owns and operates a Metro PCS Store located 2254 86th Street, Brooklyn, New York 11214.

14.     Cell Nation of Austin, Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as HOWARD L. STEIN, CPA, PC, 71-52 AUSTIN STREET, FOREST HILLS, NEW YORK, 11375.  Cell Nation of Austin, Inc., inter alia, owns and operates a Metro PCS store located at 71-52 Austin Street, Forest Hills, NY.

15.     Cell Nation of Jamaica Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as C/O HOWARD L. STEIN, CPA, P.C., 50 BRUNSWICK WOODS DRIVE, EAST BRUNSWICK, NEW JERSEY, 08816. Cell Nation of Jamaica, Inc., inter alia, owns and operates a Metro PCS store located at 9417 Jamaica Avenue, Woodhaven, NY.

16.     Cell Nation of Fulton Corp. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as CELL NATION OF FULTON CORP., 3443 FULTON STREET, BROOKLYN, NEW YORK, 11208

- 20 -

17.     Flatbush Cell Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as ALI SULIMAN, 537 FLATBUSH AVENUE, BROOKLYN, NEW YORK, 11225. Flatbush Cell Inc., inter alia, owns and operates a Metro PCS store located in on 537 Flatbush Avenue is Brooklyn, NY.

18.     Upon information and belief, Defendant Farid Suleiman (the "Individual Defendant") is a resident of the State of New York, County of Brooklyn.

19.     Upon information and belief, Defendant Mohammad Suleiman (the "Individual Defendant") is a resident of the State of New York, County of Richmond.

20.     Upon information and belief, Defendant Ali Suleiman (the "Individual Defendant") is a resident of the State of New York, County of Richmond.

21.     Upon information and belief the Individual Defendants are the owners, shareholders, directors, supervisors, managing agents, and/or proprietors, of the Corporate Defendants.

22.     Upon information and belief, at all relevant times, the Individual Defendants exercised operational control over the Corporate Defendants, controlled significant business functions of the Corporate Defendants, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of the Corporate Defendants in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs and all other similarly situated employees.

- 20 -

23.    Upon information and belief, all of Defendants' locations share common management and are centrally controlled and/or owned by the Individual Defendants.

24.    Upon information and belief, the Individual Defendants had control over and the power to change compensation practices for all employees at all of Defendants' locations.

25.    Upon information and belief, the Individual Defendants had the power to determine employee policies for employees at all of the Defendants' locations, including, but not limited to, time-keeping, payroll policies, and policies governing the allocation of tips and/or gratuities.

26.    Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants are and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that Defendants (i) have and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

27.    Defendants continuously employed Plaintiffs to work as non-exempt employees.

28.    Throughout the employment, Plaintiffs cycled through several locations in Brooklyn, NY, including the stores located at. 94-17 Jamaica Ave, Woodhaven, New York 11421; 87-64 Sutphin Blvd, Queens, NY; 91-24 59th Avenue, Queens, NY; 5749 Myrtle Avenue, Brooklyn, NY; a store on Woodside Avenue; 76-15 Roosevelt Avenue, Queens, NY; 86th Street close to Rockaway

Beach; 71-52 Austin Street, Forrest Hills, NY; 34-43 Fulton Street, Brooklyn,

NY 11208; 537 Flatbush Avenue, Brooklyn, NY; 1034 Nostrand Avenue,

Brooklyn, NY.

29.    The work performed by Plaintiffs was essential to the business operated by

Defendants.

30.    Defendants knowingly and willfully failed to pay Plaintiffs their lawfully

earned wages for each hour of employment in direct contravention of the

FLSA and New York Labor Law's minimum wage requirements.

31.    Defendants knowingly and willfully failed to pay Plaintiffs their lawfully

earned overtime compensation in direct contravention of the FLSA and New

York Labor Law.

32.    Defendants knowingly and willfully failed to pay Plaintiffs their lawfully

earned "spread of hours" premium in direct contravention of the New York

Labor Law.

33.    Plaintiffs have satisfied all conditions precedent to the institution of this action,

or such conditions have been waived.

## STATEMENT OF FACTS

34.    The Individual Defendants own and operate no less than 12 Metro PCS cellular

telephone retail stores throughout the New York Counties of New York,

Bronx, Kings, Queens, Richmond, and Nassau.

35.    All Plaintiffs performed substantially similar duties of working as retail store

clerks at these Metro PCS stores.

36.    Plaintiffs at all relevant times were covered employees within the meaning of

the FLSA and NYLL.

- 20 -

37.     Plaintiff Aribou was jointly employed by Defendants from about August 2019 to about April 2020.

38.     For the first about 1.5 weeks, she was considered a trainee, and was not paid for her hours, which during training were about 4-5 hours per day.

39.     Thereafter she began to be paid at a rate of $60 per hour.  She did get a raise to her day rate at one point, very late in the employment period, but she does not recall how much it was.

40.     During the school year, she worked 2-3 days per week, and during the summer vacation and other holidays she worked 5-6 days per week.  She was usually scheduled to work from 10am to 8pm, but she routinely worked past 8 30 sometimes as late as 1030 to deal with customers.  She worked at only one store, but was offered to work at several of the locations identified in this complaint.

41.     Plaintiff Erika Herrera was jointly employed by Defendants from about January 10, 2020 to on or about April 5, 2020.  She was regularly scheduled to work four days per week, from 10am to 9pm.  She was paid a daily rate of $150 per day.  Plaintiff Erika Herrera worked at four of the stores locations, including one on Nostrand Avenue, another on Myrtle Avenue; a third on Jamaica Avenue; and the last in Jackson Heights, NY.

42.     Plaintiff Nestor Alvarado was employed by Defendants from about January 18, 2020 to about February 16, 2020.  He was regularly scheduled six days per week from 10 to 8pm.  He was paid a daily rate of $110 per day.  He worked at three locations during the employment, including one on Austin Street, another

one on Roosevelt Avenue, and a third across the street from Queens Center Mall.

43. Plaintiff Armando Herrera was employed by Defendants from on or about November 24, 2019 to on or about May 25, 2020.  He was scheduled to work from 10am to 8pm but routinely worked past 8pm to complete his assigned duties including completing all customer transactions, and completing end of day paperwork and bank deposits. He was paid $120 per day in the beginning and then later it was increased to $125 per day.  He worked at several of the locations, including one at 1036 Nostrand Avenue and another at 436 Flatbush Avenue.

44. Regardless of which Metro PCS retail stores Plaintiffs and other similarly situated employees were assigned, the terms and conditions of their employment did not change, including their wages, commission schedules, work schedules, and duties.

45. Throughout their employment, Plaintiffs and other similarly situated employees' primary duties included providing customer service, doing inventory, cleaning the store, and operating the register.

46. Throughout their employment, Defendants paid Plaintiffs and other similarly situated employees a flat, daily rate of pay plus commission.

47. Throughout their employment, Defendants paid Plaintiffs and other similarly situated employees their daily rate of pay in cash on a weekly basis, and paid them commission in cash on a monthly basis and in some cases never.

48. Aside from their commission, Defendants did not pay Plaintiffs or other

similarly situated employees any wages in excess of their flat, daily rate of pay, regardless of the number of hours they worked each week.

49. Plaintiffs and other similarly situated employees' commission schedules entitled them to commission earned from mobile telephone sales and accessories sales.

50. Despite earning these commissions, Defendants regularly and frequently failed and refused to pay Plaintiffs and other similarly situated employees the full amount of the commissions that were due and owing. In fact, Defendants refused to even provide Plaintiffs and other similarly situated employees with an accounting of what they sold, how much commissions they earned, and how much they were actually paid.

51. At no point did Defendants inform Plaintiffs of the minimum wage or overtime provisions of the FLSA or the NYLL.

52. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

53. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

- 20 -

54.     Defendants did not furnish Plaintiffs with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

55.     Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

56.     Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

57.     Defendants failed to provide written notice concerning the terms of a commission program under which employees were eligible to receive commissions.

58.     There is no written contract or other written document, signed or otherwise, reflecting the terms of the commissions program offered and administered by Defendants.

59.     Defendants failed to timely pay commissions earned within the time required by the New York Labor Law.

60.     Each Individual Defendant participated in the decision to fire Plaintiffs and/or other similarly situated employees.

61.     Each Individual Defendant participated in deciding which Metro PCS retail stores Plaintiffs and/or other similarly situated employees worked at during their employment.

62.     Each Individual Defendant participated in the daily supervision of Plaintiffs and/or other similarly situated employees' duties.

63.     Each Individual Defendant participated in setting Plaintiffs and/or other similarly situated employees' work schedule.

64.     Each Individual Defendant participated in deciding the manner in which Plaintiffs and/or other similarly situated employees were paid during their employment.

65.     Each Individual Defendant participated in running the day-to-day operations of each Corporate Defendant, during Plaintiffs and other similarly situated employees' employment.

66.     Each Individual Defendant participated in deciding the hours that Plaintiffs and/or other similarly situated employees worked each week during their employment.

67.     Each Individual Defendant participated in deciding the job duties that Plaintiffs and/or other similarly situated employees performed on a daily basis during their employment.

68.     During their employment, Plaintiffs and other similarly situated employees were not exempt from the overtime provisions of the FLSA or any applicable state law.

69.     During Plaintiffs' employment, Defendants employed and/or jointly employed other retail clerks at their Metro PCS retail stores.

70.     Defendants subjected all of the retail clerks to the same illegal practices and policies as Named Plaintiffs herein.

71.     Defendants managed Plaintiffs and other similarly situated employees' employment, including the amount of overtime worked.

72.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

73.     Defendants were aware of Plaintiffs and other similarly situated employees' work hours but failed to pay them the full amount of overtime wages to which they

were entitled for this work time under the law.

74. Defendants were aware of Plaintiffs and other similarly situated employees' work hours and rates of pay but failed to pay them the full amount of minimum wages to which they were entitled for this work time under the law.

75. Defendants were aware that Plaintiffs and other similarly situated employees' earned commissions but failed to pay them the full amount of commissions to which they were entitled for this work under the law.

76. Defendants were aware of Plaintiffs and other similarly situated employees' work hours but failed to pay them the full amount of spread of hours compensation to which they were entitled for this work time under the law.

## COLLECTIVE ACTION ALLEGATIONS

77. Plaintiffs bring this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> All retail clerks who worked for Defendants at their Metro PCS retail stores located in the New York Counties of New York, Bronx, Kings, Queens, Westchester, and Nassau at any time from three years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").

78. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual

suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

79. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

80. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

81. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

82. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among

the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.  Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.   Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

e.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

f.  Whether the Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages for all hours worked; and

g.  Whether the Defendants failed to pay Plaintiffs and the Collective Action Members for hours worked in excess of 40 hours per workweek.

83.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

84.  Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

85.  Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

- 20 -

86.     In addition to bringing this action as a proposed collective action to remedy

violations of the FLSA, Plaintiffs also bring this action on behalf of a

"Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal

Rules of Civil Procedure, and consisting of:

> All retail clerks who worked for Defendants at their Boost Mobile
> retail stores located in the New York Counties of New York, Bronx,
> Kings, Queens, Westchester, and Dutchess at any time from six
> years prior to the filing of this action to the entry of judgment in this
> action (hereinafter, the "New York Class").

87.     Upon information and belief, the persons in the Proposed Class are so numerous

that joinder of all members is impracticable. Although the identity and precise

number of such persons is unknown, and the facts upon which the calculation of

that number may be ascertained are presently within the sole control of the

Defendants, the Proposed Class consists of all non- managerial current and

former employees and, therefore, is so numerous that joinder is impracticable

and most of whom would not be likely to file individual suits because they lack

financial resources, access to attorneys, or knowledge of their claims.

88.     The claims of Plaintiffs are typical of the claims of the Proposed Class, and a

Rule 23 class action is superior to other available methods for the fair and

efficient adjudication of the controversy, particularly in the context of wage and

hour litigation, where individuals lack the financial resources to vigorously

prosecute a lawsuit in federal court against a corporate defendant.

89.     The Defendants have acted on grounds generally applicable to the Proposed

Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Proposed Class as a whole.

90.     Plaintiffs have committed themselves to pursuing this action and has retained

counsel experienced in employment law and class action litigation.

91.     Plaintiffs will fairly and adequately protect the interests of the Proposed Class.
Plaintiffs understand that, as a class representatives, they assume a fiduciary
responsibility to the Class Members to represent their interests fairly and adequately, and
that they must consider their interests just as he would represent and consider their own
interests, and that they may not favor their own interests over those of the Class
Members.

92.     Plaintiffs recognize that any resolution of a Rule 23 class action lawsuit, including
any settlement or dismissal thereof, must be in the best interests of the Class.
Plaintiffs understand that in order to provide adequate representation, they must
remain informed of litigation developments and that they may be called upon to
testify in depositions and at trial.

93.     Plaintiffs have the same interests in this matter as all other members of the
Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

94.     There are questions of law and fact common to the Proposed Class which
predominate over any questions solely affecting the individual members of the
Proposed Class, including but not limited to:

h.     Whether the Defendants employed Plaintiffs and the Class members within
the meaning of the New York Labor Law;

i.      Whether the Defendants failed to keep true and accurate time and pay records for
all hours worked by Plaintiffs and the Class members;

j.      What proof of hours worked is sufficient where the employer fails in its duty to
maintain time records;

k.      Whether the Defendants failed to pay Plaintiffs and the Class members the

applicable minimum wage for all straight time hours worked and the required

overtime compensation for all hours worked in excess of forty (40) hours per

workweek, in violation of the New York Labor Law and the regulations

promulgated thereunder;

l.  Whether the Defendants failed to pay Plaintiffs and the Class members "spread of

hours" premium for each day they worked a shift in excess of ten (10) hours, in

violation of the New York Labor Law and the regulations promulgated

thereunder;

m.  Whether Defendants' violations of the New York Labor Law are willful as that

term is used within the context of the New York Labor Law; and,

n.  Whether Defendants are liable for all damages claimed hereunder, including but

not limited to compensatory, liquidated and statutory damages, interest, costs,

attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage and Overtime
*Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

95.  Plaintiffs re-allege and re-aver each and every allegation and statement contained

in paragraphs above of this Complaint as if fully set forth herein.

96.  Plaintiffs have consented in writing to be a party to this action, pursuant to 29

U.S.C. § 216(b).

97.  At all relevant times, upon information and belief, Defendants were and continue

to be an employer engaged in interstate commerce and/or the production of goods

for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Further, Plaintiffs and the Proposed FLSA Collective members are covered

individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

98.   At all relevant times, Defendants employed Plaintiffs and the Proposed

FLSA Collective members within the meaning of the FLSA.

99.   Upon information and belief, at all relevant times, Defendants have had gross

revenues in excess of $500,000.

100.   Plaintiffs and the Proposed FLSA Collective members were entitled to be paid

at the applicable federal minimum wage for all straight time hours worked.

101.   Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at

the rate of time and one-half for all hours worked in excess of the maximum hours

provided for in the FLSA.

102.   Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members

minimum wage or overtime compensation in the lawful amount for all hours

worked in excess of the maximum hours provided for in the FLSA.

103.   At all relevant times, Defendants had, and continue to have a policy and practice

of refusing to pay minimum wage.

104.   At all relevant times, Defendants had, and continue to have a policy and practice

of refusing to pay overtime compensation at the statutory rate of time and one-

half to Plaintiffs and the Proposed FLSA Collective members for all hours

worked in  excess  of forty (40) hours per work week, which violated and

continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§

207(a)(l) and 215(a).

105.   Defendants knowingly and willfully disregarded the provisions of the FLSA as

evidenced by their failure to compensate Plaintiffs and the Proposed FLSA

Collective members at the minimum wage and the statutory overtime rate of time

- 20 -

and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective

106. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

107. Defendants failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

108. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

109. Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

110. Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay**
***Brough on behalf of Plaintiffs and the Proposed Rule 23 Class***

111. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

112. Defendants employed Plaintiffs and the Rule 23 Proposed Class members

within the meaning of New York Labor Law §§ 2 and 651.

113.   Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule23 Proposed Class members by failing to pay Plaintiffs and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

114.   Employers are required to pay a "spread of hours" premium of one (1) additional hour' s pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

115.   Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiffs and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

116.   Defendants failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

117.   Defendants failed to furnish Plaintiffs and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

118.   Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all

employees, and other similar information in contravention of New York Labor Law § 661.

119. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

120. At the time of their hiring, Defendants failed to notify Plaintiffs and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

121. Due to the Defendants' New York Labor Law violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

122. Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements**
*Brough on behalf of Plaintiffs and the Proposed Rule 23 Class*

123. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

124. Defendants have willfully failed to supply Plaintiffs and the members of the Rule

23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

125.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

126.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

127.    Through their knowing or intentional failure to provide Plaintiffs and the

- 20 -

members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

128.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

129.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**COUNT IV: NYLL-(Failure to Pay Wages in Violation of New York Labor Law Section 191)**
***Brough on behalf of Plaintiffs and the Proposed Rule 23 Class***

130.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

131.    Defendants failed to pay Plaintiffs and the Rule 23 Class earned commissions which constitute wages within the meaning of the New York Labor Law.

## <u>PRAYER FOR RELEIF</u>

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

     i.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly service workers at one of their locations, and of their right to join this lawsuit if they belief they were denied proper wages;

    ii.     An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

   iii.     An award of unpaid "spread of hours" premium due under the New York Labor Law;

   iv.     An award of unpaid commissions due under the New York Labor Law;

    v.     An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

   vi.     An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

   vii.     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

  viii.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

   ix.     Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

    x.     An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL

   xi.     An award of prejudgment and post-judgment interest;

   xii.     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

  xiii.     Such other and further relief as this Court determines to be just and proper.

# JURY DEMAND

Pursuant to FRCP 38 Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
     September 23, 2020            **LAW OFFICE OF MOHAMMED GANGAT**

By: _____
                 Mohammed Gangat, Esq.
                 675 3rd Avenue
                 Suite 1810
                 (718) 669-0714
                 mgangat@gangatllc.com

*Attorneys for Plaintiffs and the FLSA Proposed Collective and Rule 23 Proposed Class*

- 20 -