# Law Office of Mohammed Gangat
*Representing Workers in Employment Litigation*

675 Third Avenue, Suite 1810
New York, NY 10017
Direct Dial: (718) 669-0714
Office: (646) 556-6112
mgangat@gangatpllc.com
Fax: (646) 496-9195

*Via ECF*

June 8, 2021

Hon. Robert M. Levy
United States Magistrate Judge
Eastern District of New York,
225 Cadman Plaza East,
Brooklyn, NY 11201

      Re:   <u>Shaymaa Aribou, et. al. v. Farid Suleiman, et. al.,
Case No. 1:20-cv-04511-AMD-RML</u>

To the Hon. Levy:

      I represent plaintiffs Shaymaa Aribou, Nestor Alvarado, Armando Herrera, Erika Herrera and Arlenis Castro, in the above-referenced action (the "Action") and submit this letter jointly with counsel for defendants Farid Suleiman; Mohammad Suleiman; Ali Suleiman; Cell Nation of 77 Inc.; Cell Nation of Austin, Inc.; and Flatbush Cell Inc. (collectively "Defendants") seeking the Court's approval of the settlement in this action, as per the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Counsel for Defendants has reviewed and approved this letter.

      This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiffs as a result of the Defendants' alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday in excess of ten hours per day), and failure to provide wage notices and accurate wage statements.

      Plaintiff's Mediation Statement, which was sent to Mediator Philip Goldstein, calculated that Plaintiff Shaymaa Aribou was owed approximately $14,062.50 plus unpaid commissions; Plaintiff Nestor Alvarado was owed approximately $1,920 plus unpaid commissions; Plaintiff Armando Herrera was owed approximately $15,890 plus unpaid commissions; Plaintiff Erika Herrera was owed approximately $1,800 plus unpaid commissions; and Plaintiff Arlenis Castro was owed approximately $14,690 plus unpaid commissions. Plaintiffs in this action sought to recover an equivalent amount in liquidated damages; $10,000 in statutory penalties for wage notice and wage statement violations; plus prejudgment interest on all amounts; and attorneys'

Hon. Robert M. Levy
Page 2 of 3
June 4, 2021

fees and costs. In sum, this action could have easily resulted in plaintiffs being awarded a judgment against Defendants in excess of $100,000 plus attorneys' fees and costs.

The parties to this action by and through their attorneys have had multiple conversations ultimately arrived at a compromise figure, and a breakdown of the settlement amount, to resolve all claims, including attorneys' fees and costs, and the parties memorialized this in a written agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A).

Pursuant to the Agreement, the $85,000 will be divided as follows: $28,898, to Plaintiffs' counsel reflecting attorneys' fees ($27,996) court filing fee ($400), and service processer fees ($502); and the following amounts to the Plaintiffs:

- $19,102 to Plaintiff Shaymaa Aribou;
- $16,000 to Plaintiff Armando Herrera;
- $16,000 to Plaintiff Arlenis Castro;
- $2,500 to Plaintiff Nestor Alvarado; and
- $2,500 to Plaintiff Erika Herrera.

These payments will be paid according to a payment plan as follows: Plaintiffs' $56,102 to be paid in three monthly installments by September 1, 2021; and Plaintiffs' counsel's $28,898 to be paid by October 1, 2021. This settlement is fair when comparing the potential recovery at trial to the settlement amount. It is also fair when considering Plaintiffs' counsel will keep 33.33% of the total settlement proceeds after deducting expenses, with 66.66% after expenses going to the Plaintiffs.

In all, the Agreement is in line with the mandate from *Cheeks*. Keeping in line with the trend in the Circuit following *Cheeks*, the Agreement contains a limited release, which applies only to claims arising for wages or other compensation arising from Plaintiffs' employment with the Defendants. There is no confidentiality provision; only a non-disparagement provision where the parties agree not to disparage one another and agree to not say or do anything that would harm the reputation of the other. Importantly, the non-disparagement provision where the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties' statements are truthful.

Moreover, this is not a case where a settlement came about because of "overreaching" by any part. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months involving counsel, the exchange of documentary evidence and a Mediation ordered by Your Honor. The parties' counsels are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. Settlement at this stage of the case for this amount constitutes the most efficient and effective conclusion to this litigation for all parties.

Hon. Robert M. Levy
Page 3 of 3
June 4, 2021

      The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court.

      We thank the Court for its time and attention to this matter.

      Respectfully Submitted,

      Law Office of Mohammed Gangat

      _____

      Mohammed Gangat, Esq.